# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PHILLIP LEUPOLU, <br><br> Plaintiff, <br><br> v. <br><br> DR. OKOLUKU, et al., <br><br> Defendants. | Civil Action No.: SAG-21-1854 |

## MEMORANDUM

Plaintiff Phillip Leupolu filed this civil rights action alleging that Defendants Sirah Okoluku, NP,[1] Jamillah Nock, and Warden R. Shane Weber failed to provide him with adequate medical care at Jessup Correctional Institution ("JCI") and Western Correctional Institution ("WCI"). ECF No. 1. Defendants Okoluku and Nock each moved to dismiss the Complaint, ECF Nos. 16-17, and Defendant Warden Weber moved to dismiss the Complaint, or in the alternative, for summary judgment, ECF No. 20. Leupolu was given an opportunity to respond to each motion and has not done so. ECF Nos. 18-19, 21. The Court finds that a hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons explained below, the Court will deny Okoluku and Nock's motions to dismiss, although those defendants will be permitted to refile a pleading or motion to respond to Leupolu's § 1983 claim. Defendant Weber's motion, construed as a motion to dismiss, will be granted due to Leupolu's failure to exhaust administrative remedies. All claims against Defendant Weber will be dismissed without prejudice.

---

[1] The Clerk will be directed to correct Defendant Sirah Okoluku's name on the docket.

**Background**

I. **Leupolu's Allegations**

Leupolu alleges that Defendant Sirah Okoluku, N.P. prescribed the medication "risperidol" even though it was discontinued in 2018.[2] ECF No. 1 at 2. He states that he was prescribed Risperdal in June and July of 2021 while housed at JCI and WCI. *Id*. He states that a non-defendant doctor stopped the order for Risperdal on July 14, 2021, but that the nurses continued to give it to him until August 4, 2021. *Id*. He claims that he suffered side effects from this medication including back pain, enlarged breasts, and psychological stress. *Id*. at 3. Leupolu alleges that Defendant Jamillah Nock was the Health Services Administrator, "responsible for the medical part of WCI." *Id*. at 2. He alleges that "R. Shane Weber is the acting warden according to my 2021 Inmate Handbook and is responsible for everything in WCI." *Id*. Leupolu seeks "monetary relief for the negligence of the defendants." *Id*. at 3.

II. **Defendants' Responses**

   A. **Sirah Okoluku, NP and Jamillah Nock**

Okoluku and Nock, in separate motions, move to dismiss Leupolu's Complaint. ECF Nos. 16-17. Okoluku and Nock each state that Leupolu's state claims for medical malpractice and negligence must be dismissed because: 1) Leupolu did not satisfy the requirements of the Maryland Health Care Malpractice Claims Act, Md. Code Ann., Cts. & Jud. Proc. § 3-2A-02 *et seq*., prior to filing the instant lawsuit; and 2) this court does not have jurisdiction over Leupolu's state claim. ECF No. 16-1 at 2-4; 17-1 at 3-4. Okoluku and Nock do not address Leupolu's § 1983 claim.

---

[2] Risperdal, or risperidone, is an antipsychotic used in the treatment of schizophrenia. https://druginfo.nlm.nih.gov/drugportal/name/risperdal (last visited August 30, 2022).

### B. Warden Ronald S. Weber

Warden Weber moves to dismiss the Complaint, or in the alternative, for summary judgment. ECF No. 20. Specifically, Warden Weber argues that Leupolu's Complaint must be dismissed for failure to exhaust administrative remedies and because Leupolu has not alleged personal involvement or supervisory liability against him. ECF No. 20-1 at 6-9. Warden Weber also argues that he is entitled to Eleventh Amendment immunity and qualified immunity. *Id*. at 8, 11-12. In support, Warden Weber provides the declaration of Sgt. Alicia Cartwright who declares that Leupolu did not file any Requests for Administrative Remedies while he has been at WCI; the record of Leupolu's transfer from WCI to JCI and back to WCI in June, 2021; and the declaration of Warden Weber stating that medical services are provided by a private medical contractor and that he had no involvement in any medical decisions nor directed or interfered with the medical treatment of Leupolu. ECF Nos. 20-2, 20-3.

### Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

The court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted).

## Discussion

### I. Defendants Okoluku and Nock

Defendants Okoluku and Nock move to dismiss the Complaint as it relates to Leupolu's state law claims for medical malpractice and negligence. ECF Nos. 16-1 and 17-1. The Court, however, construes the Complaint, filed by a self-represented plaintiff in federal court, as a civil rights action pursuant to 42 U.S.C. § 1983. *See* ECF No. 3. A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Leupolu's Complaint alleges that he was provided prescription medication that caused him unwanted side effects notwithstanding the fact that the medication had been "discontinued." ECF No. 1 at 2. Liberally construed, then, Leupolu alleges that Defendants' deliberate indifference to his medical needs violated his Eighth Amendment rights pursuant to § 1983.

The motions filed by Ololuku and Nock do not address Leupolu's federal claim. For example, while Olokulu and Nock argue that Leupolu did not satisfy the requirements of the Maryland Health Care Malpractice Claims Act, such pre-suit certification requirements do not apply to actions in federal court where they are in conflict with the Federal Rules of Civil Procedure. *See Pledger v. Lynch*, 5 F.4th 511 (4th Cir. 2021). And even if the certification requirements were applicable to Leupolu's state law claims, a civil rights violation of the Eighth Amendment under 42 U.S.C. § 1983 differs in important respects from a simple negligence or medical malpractice claim, such that the federal claim should not be barred. *See Estelle v. Gamble*,

429 U.S. 97, 106 (1976) (stating that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Thus, Defendants Okoluku and Nock's motions to dismiss, ECF Nos. 16, 17, will be denied, although those Defendants will be permitted to refile a responsive pleading or motion to include their response to Leupolu's § 1983 claimin addition to his state law claims of medical malpractice and negligence. The deadline for their responsive filings will be fourteen days from the date of this Memorandum Opinion and Order.

### II. Defendant Warden Weber

Defendant Warden Weber contends that Leupolu's Complaint is subject to dismissal pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, because his claims have not been properly presented through the administrative remedy procedure. ECF No. 20-1 at 2. The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

A claim that has not been exhausted pursuant to the PLRA may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). The Supreme Court has stated that an administrative remedy is available if it is "'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 578 U.S. 1174, 136

S. Ct. 1850, 1859 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).  Thus, an inmate must complete the prison's internal appeals process, if possible, before bringing suit.  *See Chase v. Peay*, 286 F. Supp. 2d 523, 529-30 (D. Md. 2003).  Exhaustion is also required even where the specific relief sought is not attainable through resort to the administrative remedy procedure.  *See Booth*, 532 U.S. at 741.  As a prisoner, plaintiff is subject to the strict requirements of the exhaustion provisions.  *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (noting that no distinction is made with respect to exhaustion requirements between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct).

To pursue a grievance, a prisoner confined in a Maryland prison may file a grievance with the Inmate Grievance Office ("IGO") against any DOC official or employee.  Md. Code Ann., Corr. Servs. ("C.S.") § 10-206(a).  However, if the prison has a grievance procedure that is approved by the IGO, the prisoner must first follow the institutional Administrative Remedy Procedure ("ARP") process, before filing a grievance with the IGO.  *See id.* § 10-206(b).  The Maryland Department of Public Safety and Correctional Services ("DPSCS") has made an ARP available to Maryland State prisoners for "inmate complaint resolution."  *See generally id.* §§ 10-201 *et seq.*; Code of Maryland Regulations ("COMAR") 12.07.01.01B(1) (defining ARP).  Thus, before filing a grievance with the IGO, a prisoner is required, among other things, to make an initial request for an administrative remedy with the Warden.  *Id.* at 12.07.01.04(B)(9)(a).  If an ARP is filed and denied, the prisoner may appeal the denial within 30 days to the Commissioner of Correction.

If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the IGO, also within 30 days.  C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B.  The prisoner must include in the grievance copies of the initial request or administrative remedy, the

Warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response. COMAR 12.07.01.04(B)(9)(a). If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B. An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii).

Exhaustion of administrative remedies must take place before the complaint is filed. In *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), the court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court . . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." *See Kitchen v. Ickes*, Civil Action No. DKC-14-2022, 2015 WL 4378159, at *8 (D. Md. July 14, 2015); *see also Blackburn v. S. Carolina*, No. C A 006-2011-PMD-BM, 2009 WL 632542, at *1 (D.S.C. Mar. 10, 2009) *aff'd*, 404 F. App'x 810 (4th Cir. 2010); *Miller v. McConneha, et al*, JKB-15-1349, 2015 WL 6727547, at *3-4 (D. Md. November 11, 2015).

Ordinarily a prisoner must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725, 729 (4th Cir. 2008); *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he. . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford*, 548 U.S. at 88, 93. This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). But the Court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials."

7

*Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Here, the record shows that Leupolu did not timely and properly exhaust the grievance process prior to filing his Complaint in this court. In addition, there is nothing in the record to suggest that Leupolu was prevented from utilizing the administrative remedies procedure. Alicia Cartwright, a Correctional Officer Sergeant assigned to WCI's ARP office, declares that Leupolu did not file any ARPs during his time at WCI. ECF No. 20-2. Leupolu does not contest this declaration. Furthermore, in his Complaint, he states that he did not file a grievance because "when I spoke with the Psych Doctor she said she took me off of risperidol on 7/14/21." As Leupolu's claims are clearly unexhausted, they will be dismissed against Defendant Warden Weber, without prejudice.[3]

## Conclusion

For the foregoing reasons, Defendants Sirah Okoluku and Jamillah Nock's Motions to Dismiss are denied without prejudice to their ability to file pleadings or motions responsive to Leupolu's § 1983 claims within fourteen days. Warden Weber's Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as a Motion to Dismiss, is granted. All claims against Defendant Warden Weber are dismissed without prejudice. A separate Order follows.

September 1, 2022                                  /s/
Date                                                Stephanie A. Gallagher
                                                    United States District Judge

---

[3] Because the claims against Warden Weber are being dismissed for failure to exhaust administrative remedies, consideration of Warden Weber's remaining arguments is not necessary.

*Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Here, the record shows that Leupolu did not timely and properly exhaust the grievance process prior to filing his Complaint in this court. In addition, there is nothing in the record to suggest that Leupolu was prevented from utilizing the administrative remedies procedure. Alicia Cartwright, a Correctional Officer Sergeant assigned to WCI's ARP office, declares that Leupolu did not file any ARPs during his time at WCI. ECF No. 20-2. Leupolu does not contest this declaration. Furthermore, in his Complaint, he states that he did not file a grievance because "when I spoke with the Psych Doctor she said she took me off of risperidol on 7/14/21." As Leupolu's claims are clearly unexhausted, they will be dismissed against Defendant Warden Weber, without prejudice.[3]

## Conclusion

For the foregoing reasons, Defendants Sirah Okoluku and Jamillah Nock's Motions to Dismiss are denied without prejudice to their ability to file pleadings or motions responsive to Leupolu's § 1983 claims within fourteen days. Warden Weber's Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as a Motion to Dismiss, is granted. All claims against Defendant Warden Weber are dismissed without prejudice. A separate Order follows.

September 1, 2022                                  /s/
Date                                                Stephanie A. Gallagher
                                                    United States District Judge

---

[3] Because the claims against Warden Weber are being dismissed for failure to exhaust administrative remedies, consideration of Warden Weber's remaining arguments is not necessary.