**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| PHILLIP LEUPOLU, <br><br> Plaintiff, <br><br> v. <br><br> SIRAH OKOLUKU, et al., <br><br> Defendants. | Civil Action No.: SAG-21-1854 |

**MEMORANDUM OPINION**

On August 12, 2021, Plaintiff Phillip Leupolu filed this civil rights action alleging that Defendants Sirah Okoluku, NP, Jamillah Nock, and Warden R. Shane Weber failed to provide him with adequate medical care at Jessup Correctional Institution ("JCI") and Western Correctional Institution ("WCI"). ECF No. 1. Defendants Okoluku and Nock each moved to dismiss the Complaint, ECF Nos. 16, 17, and Defendant Weber moved to dismiss the Complaint, or in the alternative, for summary judgment. ECF No. 20. On September 1, 2022, this Court granted Warden Weber's motion to dismiss, and denied Okoluku and Nock's Motions to Dismiss without prejudice. ECF No. 23. On September 12, 2022, Nock filed a renewed Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF No. 24. On October 5, 2022, Okoluku filed a renewed Motion to Dismiss. ECF No. 30. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Leupolu that the failure to file a response in opposition to Defendants' Motions could result in dismissal of his Complaint or a judgment against him. ECF Nos. 25, 28, 29. To date, Leupolu has not filed a response to either Defendant's renewed Motion. The Court finds that a hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2023). For the

reasons explained below, the Court will grant Nock's Motion, construed as a Motion for Summary Judgment, and grant Okoluku's Motion to Dismiss.

## Background

### I. Leupolu's Allegations

As outlined in the Court's previous memorandum, ECF No. 22, Leupolu alleges that Defendant Sirah Okoluku, NP, prescribed the medication "risperidol" even though it was discontinued, and another doctor stopped the order for the medication.[1]  ECF No. 1 at 2.  He states that he was prescribed Risperdal in June and July of 2021 while housed at JCI and WCI.  *Id*.  Leupolu claims that a non-defendant doctor stopped the order for Risperdal on July 14, 2021, but that the nurses continued to give it to him until August 4, 2021.  *Id*.  He claims that he suffered side effects from the medication including back pain, enlarged breasts, and psychological stress.  *Id*. at 3.  Leupolu alleges that Defendant Jamillah Nock was the Health Services Administrator, "responsible for the medical part of WCI."  *Id*. at 2.  He alleges that defendant Okoluku prescribed Risperdal to him between June and July of 2021, even though the medication had been "discontinued since 2018 according to online records."  *Id*.  Leupolu seeks "monetary relief for the negligence of the defendants."  *Id*. at 3.

### II. Defendants' Responses

#### A. Jamillah Nock

Defendant Jamillah Nock moves to dismiss the Complaint, or in the alternative, for summary judgment to be granted in her favor.  ECF No. 24.  In support thereof, Nock submitted a memorandum of law and her declaration.  ECF Nos. 24-1, 24-2.  Nock argues that Leupolu's

---

[1] Risperdal, or risperidone, is an antipsychotic used in the treatment of schizophrenia. https://druginfo.nlm.nih.gov/drugportal/name/risperdal (last visited August 7, 2023).

Complaint against her must be dismissed because Leupolu fails to state a claim against her, and further, that the evidence shows that she was not deliberately indifferent to any serious medical need, nor is she liable in a supervisory capacity. ECF No. 24-1 at 7-10.

In her declaration, Nock states that she is the Health Services Administrator for WCI, but that she is not a licensed medical provider or clinician. Nock Decl., ECF No. 24-2. Nock further declares that as her role is purely administrative, and she is not licensed to provide any medical care, nor has she ever provided any medical care to Leupolu. *Id*. Furthermore, she states that she does not "override or second guess the medical judgment of the licensed medical providers," "do[es] not dictate medical or nursing care," and "had no involvement with any medical provider prescribing any medications to Mr. Leupolu." *Id*.

### B. Sirah Okoluku, N.P.

Defendant Sirah Okoluku argues that Leupolu's Complaint against her should be dismissed for failure to state a claim because the allegations do not "shock the conscience," (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and that at most, the allegations constitute medical negligence. ECF No. 30, 30-1 at 3-5. Okoluku argues that prescribing medication is a matter of medical judgment, and that Leupolu does not allege that he was forced to take the medication. ECF No. 30-1 at 4. Further, Okoluku argues that the Complaint must be dismissed because Leupolu failed to allege a sufficiently culpable state of mind. ECF No. 30-1 at 5. Okoluku contends that Leupolu "failed to allege that Defendant Okoluku knew of any risk associated with the prescribing of the Risperdal," and that "[a]ll Plaintiff needed to do to void any purported risk associated with the medication [was] to refuse to take the medication." *Id*. at 6. Finally, Okoluku argues that she is entitled to qualified immunity. ECF No. 30-1 at 6.

3

**Standards of Review**

Okoluku moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

The court is mindful that Leupolu is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir.1990). A court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

Nock's Motion is styled both as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). If the court does so, "the motion must be treated as one for summary judgment under

Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Adams Housing, LLC v. The City of Salisbury, Maryland*, 672 F. App'x 220, 222 (4th Cir. 2016) (per curiam).

The Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: notice and a reasonable opportunity for discovery. *See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013). When the movant expressly captions its motion as one for summary judgment "in the alternative" and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). Leupolu was provided such notice. He also received notification from the Clerk of Nock's dispositive motion and had the opportunity to reply with exhibits and declarations but has failed to do so. Thus, conversion of Nock's motion to one for summary judgment is appropriate, and the Court will consider the exhibit filed.

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004).

The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). Because Leupolu is self-represented, his submissions are liberally construed. *See Erickson*, 551 U.S. at 94. At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

## Discussion

### A. Deliberate Indifference

Liberally construed, the Complaint alleges that Nock and Okoluku were deliberately indifferent to Leupolu's medical needs, in violation of the Eighth Amendment, by prescribing a discontinued medication that had been stopped by another provider, thus causing Leupolu to suffer related side effects. ECF No. 1. To state a claim for a constitutionally significant denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was

suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "A 'serious medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Heyer*, 849 F.3d at 210 (quoting *Iko*, 535 F.3d at 241); *see also Scinto v. Stansberry*, 841 F.3d 219, 228 (4th Cir. 2016).

After a serious medical need is established, a successful claim requires proof that the defendants were subjectively reckless in treating or failing to treat the serious medical condition. *See Farmer*, 511 U.S. at 839-40. "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). The subjective knowledge requirement can be met through direct evidence of actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence "that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Scinto*, 841 F.3d at 226 (quoting *Farmer*, 511 U.S. at 842). While "a prisoner does not enjoy a constitutional right to the treatment of his or her choice, the treatment a prison facility does provide must nevertheless

be adequate to address the prisoner's serious medical need." *De'lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013).

"Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999); *see also Jackson*, 775 F.3d at 178 ("[M]any acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference."). "[T]he Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences." *Grayson*, 195 F.3d at 695-96; *see also Jackson*, 775 F.3d at 178 (describing the applicable standard as "exacting"). A mere disagreement between an inmate and a physician over the appropriate level of care does not establish an Eighth Amendment violation absent exceptional circumstances. *Scinto*, 841 F.3d at 225. Further, the inmate's right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable." *United States v. Clawson*, 650 F.3d 530, 538 (4th Cir. 2011) (citing *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977)).

### B. Jamillah Nock

Jamillah Nock's uncontested declaration states that she is not a licensed medical professional, she did not provide any medical care to Leupolu, and that she was not involved in the prescription of medications to him. ECF No. 24-2. Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a Bivens suit). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but

rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). As there is no evidence that Nock was personally involved in the prescribing of medications to Leupolu, nor are there facts to support an allegation of supervisory liability, Nock is entitled to summary judgment. Therefore, her Motion, construed as a Motion for Summary Judgment, will be granted.

### C. Sirah Okoluku

Leupolu alleges that Nurse Practitioner Okoluku prescribed him "risperidol" even though another doctor had stopped the prescription and the medication "has been discontinued since 2018 according to online records." ECF No. 1 at 2. Leupolu alleges that he suffered side effects including back pain, enlarged breasts, and psychological stress. *Id*. at 3. The side effects described by Leupolu – back pain and enlarged breasts – may constitute a serious medical issue, however, there is no allegation in the Complaint that Okoluku either knew Leupolu was experiencing serious side effects from the medication, or that she prescribed it with deliberate indifference to his medical needs or those serious side effects. Leupolu does not allege that he mentioned any side effects to

Okoluku or otherwise expressed any concerns about taking the medication; Okoluku cannot be deliberately indifferent to a serious medical issue of which she is unaware. Even if Okoluku is presumed to be knowledgeable about possible side effects of a medication she prescribes, or that Leupolu was likely to experience side effects, Leupolu does not make any allegation that she had a culpable state of mind when she prescribed Risperdal. The Complaint merely alleges that Okoluku prescribed a medication that caused him side effects. It appears that Leupolu simply disagreed with the treatment he was provided, and such disagreement cannot form the basis of a Constitutional violation.

To the extent Leupolu contends that Okoluku was negligent when she prescribed a medication that "has been discontinued since 2018," he does not allege by whom it was discontinued, provide any facts to support this bald assertion, or allege that Okoluku knew it was supposedly discontinued.[2] As Leupolu has failed to state a claim against Okoluku, her Motion to Dismiss will be granted.

### Conclusion

For the foregoing reasons, Nock's Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as a Motion for Summary Judgment, will be granted. Okoluku's Motion to Dismiss will be granted. Judgment will be entered in favor of Nock and against Leupolu, and the Complaint will be dismissed as to Okoluku.

A separate Order follows.

August 22, 2023                                          /s/
Date                                          Stephanie A. Gallagher
                                              United States District Judge

---

[2] To the extent that Leupolu alleges that unnamed nurses continued to give him Risperdal after his prescription had been stopped, he does not name such nurses as defendants in this case, nor does he allege facts sufficient to state a claim against them.